UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES THOMAS,
   Plaintiff,

vs.                                                                  No. 07-1327

AUSTIN S. RANDOLPH, JR., et al,
   Defendants

## ORDER

     This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

     The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Illinois River Correctional Center. The plaintiff has named five defendants including Warden Austin S. Randoph, Jr., Clinical Services Supervisor Karen L Davis, Correctional Officer Bruce Fisher, Staff Member Charlotte Gordon and Grievance Officer Ed Huggins.

     The plaintiff is challenging the evidence used in a disciplinary hearing on March 28, 2006. The plaintiff was found guilty of violating Disciplinary Rule #212 for filing a "Frivolous Lawsuit" and lost good time credits as a result. The plaintiff says the defendants violated his due process rights when they improperly considered a court ruling denying his Petition for Post-Judgement Relief.

     The plaintiff has filed his lawsuit in the wrong court. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration. In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Court extended this ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement. Since the plaintiff states he lost good time credits and has not challenged the disciplinary measures in state court, his §1983 claim based on the disciplinary ticket is barred by *Heck* and *Edwards*.

**IT IS THEREFORE ORDERED:**

    1)      **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed**

        **with the parties to bear their own costs;**

2)     **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3)     **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4)     **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5)     **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)     **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

        Entered this __8th_____ day of January, 2008.

        **s\Harold A. Baker**

_____
        HAROLD A. BAKER
      UNITED STATES DISTRICT JUDGE